No. 30,329.

A. B. WARDEN and RALPH A. CLARK, *Appellees,* v. E. S. GLEASON and JOSEPH CRANE, *Appellants.*

(8 P. 2d 401.)

Opinion filed March 5, 1932.

*John C. King,* of Liberal, for the appellants.
*Fred Hoskinson,* of Garden City, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a promissory note executed by defendants in favor of plaintiffs.

Defendants admitted the execution of the note, but alleged certain facts which in their opinion should bar a recovery.

Those facts which they pleaded and which their evidence tended to prove were, in brief, as follows:

One Tobe Ratzloff was arrested in Garden City on a charge of giving plaintiffs a bad check in the sum of $175. The father-in-law of Ratzloff and these defendants appeared at the office of the county attorney for the purpose of getting the delinquent Ratzloff out of the toils of the law. Negotiations followed with the plaintiffs as prosecuting witnesses and, with the county attorney's consent, it was agreed that defendants would give plaintiffs their promissory note for the amount of the bad check and that the prosecution of Ratzloff should be nollied. It was also alleged and averred by defendants that it had been agreed that the bad check itself should be turned over to defendants. The check was then in the custody of the justice of the peace before whom the prosecution was begun. This last detail was not carried out, and on the theory that its omission operated to cause a total failure of consideration for defendants' note payment was resisted and liability denied.

Plaintiffs' demurrer to defendants' evidence was sustained, and judgment was entered accordingly.

Defendants appeal. It is not suggested that the agreement whereby the prosecution of Ratzloff was abated was illegal. There is a statute (Laws 1915, ch. 92, R. S. 21-554 *et seq.*) which by over-liberal interpretation might seem to sanction such an arrangement—of the soundness of such view and of the wisdom and validity of such a statute we express no opinion. Defendants rest their whole case upon the proposition that the failure to deliver to them the worthless check constituted a complete failure of consideration for their promissory note. We think not. The consideration for defendants' note was the satisfaction of plaintiffs' civil claim against Ratzloff. The worthless check was in *custodia legis*. It was a paper which properly belonged in the files of the office of the justice of the peace. It is suggested that its delivery to defendants was necessary before they could compel reimbursement from Ratzloff for their outlay to satisfy the law's demands against him for his criminal delinquency. We hold otherwise. Their legal claim against Ratzloff could only be predicated upon the payment of their note to plaintiffs. Their resulting cause of action against Ratzloff would simply be a candid narration of the facts. If the worthless check itself were required as an item of evidence to establish their cause of action against Ratzloff the procedure to secure its production would be by subpœna *duces tecum.*

The judgment is affirmed.